# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINGSBURG APPLE PACKERS, INC., dba KINGSBURG ORCHARDS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BALLANTINE PRODUCE CO., INC., et al.,<br><br>Defendants. | NO. 1:09-CV-00901-AWI-GSA<br><br>ORDER GRANTING PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER |

Before this Court is Kingsburg Apple Packers, Inc. d/b/a Kingsburg Orchards' Ex-Parte Motion for Temporary Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by declaration or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it clearly appears from the Declaration of Bob Maxwell, Director of Sales for Kingsburg Apple Packers, Inc. d/b/a Kingsburg Orchards ("Kingsburg Orchards"), that Kingsburg Orchards is a produce dealer and trust creditor of Defendant, Ballantine Produce Co., Inc., under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C.

§499e(c), and has not been paid for produce in the total amount of $263,400.00 supplied to said Defendant as required by PACA. It is also clear from the same Declaration and the certification of counsel that Ballantine Produce Co., Inc. is in severe financial jeopardy and the PACA Trust assets are being dissipated or threatened with dissipation (Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990)) and that said Defendant is not or may not be in a position to pay Kingsburg Orchards' claim (JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75 (2d Cir. 1990)), thereby warranting the relief requested by Kingsburg Orchards.

On the basis of the pleadings, Declaration, and other submissions Kingsburg Orchards has filed in this matter, Kingsburg Orchards will suffer immediate and irreparable injury due to said Defendant's dissipation of Kingsburg Orchards' beneficial interest in the statutory trust created pursuant to 7 U.S.C. §499e(c) and that such dissipation will continue in the absence of injunctive relief. Therefore, the Court is of the opinion that a Temporary Restraining Order should be issued.

If notice is given to the Defendants of the pendency of this motion, trust assets will be further threatened with dissipation before the motion is heard. As noted in the legislative history of PACA, once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D.Fla. 1989). Entry of this Order without notice assures retention of the trust assets under the control of this Court, which is specifically vested with jurisdiction over the trust. 7 U.S.C. §499e(c)(5). In accord with Rule 65(b)(2), Kingsburg Orchards' attorney has certified why notice should not be required.

Based on the foregoing, the Court finds that Kingsburg Orchards will suffer immediate irreparable injury in the form of a loss of trust assets unless this order is granted without notice.

Therefore, it is ORDERED:

1. Defendant Ballantine Produce Co., Inc., its agents, officers (including Defendants

Virgil E. Rasmussen, David S. Albertson, Eric Albertson, and Jerry DiBuduo), subsidiaries, assigns, and others acting in concert or participation with them who receive actual notice of this Order are temporarily restrained and enjoined from dissipating, paying, transferring, assigning or selling PACA trust assets (defined here and in all other parts of this Order as the proceeds of any or all existing or future inventories of food or other products derived from perishable, including frozen, agricultural commodities, and/or receipt of payment for such products sold prior to the date of the issuance of this Order), up to a total of $263,400.00 whether held as receivables, cash on hand, hard assets, within bank accounts, or held in any other tangible or intangible form.

2. The $263,400.00 in PACA Trust assets belonging to Plaintiff and in the possession of the Defendant will serve as Plaintiff's security for this injunction as required by Rule 65(c) of the Federal Rules of Civil Procedure.

3. This Temporary Restraining Order is entered on May 22, 2009, at 4:30 PM.

4. Kingsburg Orchards shall serve a copy of this Order, the Motion for Temporary Restraining Order and associated filings, and the Motion for Preliminary Injunction and associated filings by personal service, including by facsimile transmission or federal express, on or before May 26, 2009. Such service shall be deemed good and sufficient.

5. Defendants may apply to the Court for modification or dissolution of the instant Order upon two (2) days' notice to Kingsburg Orchards, or upon such shorter notice as the court may allow.

6. A hearing on Kingsburg Orchards' Motion for Preliminary Injunction is set for June 5, 2009, at 10:00 AM in Courtroom Two.

7. Defendants shall file any and all responsive papers to Kingsburg Orchards' Motion for Preliminary Injunction on or before June 1, 2009, at 4:00 PM.

IT IS SO ORDERED.

**Dated:    May 22, 2009**                     **/s/ Anthony W. Ishii**
                                               CHIEF UNITED STATES DISTRICT JUDGE

3