IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINSBURG APPLE PACKERS, INC., dba KINGSBURG ORCHARDS, et al., | CASE NO. 1:09-cv-00901 AWI- JLT |
| Plaintiff, | ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT |
| v. | |
| BALLANTINE PRODUCE CO., INC., et al., | |
| Defendants. | |

Pending before the Court is Intervenor Plaintiff Wagon Wheel Farms, Inc.'s ("Plaintiff's") Motion for Leave to File a First Amended Complaint. (Doc. 112.) Plaintiff has lodged a proposed First Amended Complaint with his motion. (Doc. 113.)

**BACKGROUND**

Plaintiff, a company engaged in the business of growing perishable fruit and citrus, filed a Complaint in Intervention on July 29, 2009, against Defendant Balantine Produce Co., Inc ("Defendant") under the Perishable Agricultural Commodities Act ("PACA") raising four claims for relief arising out of Defendant's alleged improper failure to reimburse Plaintiff for fruit delivered to Defendant, a commission merchant and sales dealer, for packing and marketing. (Doc. 56.)

///

1

**FIRST AMENDED COMPLAINT**

Plaintiff seeks leave to file a first amended complaint, asserting that the interests of expediency and judicial economy will best be served by dismissing parallel proceedings in state court against Defendant and other related defendants and filing an amended complaint in this Court against Defendant and adding additional related defendants, including Defendant Ballantine's principals, Virgil Rasmussen, David Albertson, Eric Albertson and Richard Graham, as well as related corporate entities Babijuice Corporation and Redwood Farms, Inc., and Bank of the West.[1] The amended petition also adds additional claims based on the liability of the new defendants. No party has opposed the motion.

A plaintiff may amend his complaint once as a matter of course before a response pleading is served. Fed.R.Civ.P. 15(a). Here, a responsive pleading was filed on August 12, 2009. (Doc. 90.) Thus, leave to file an amended complaint, in the absence of the written consent of the opposing parties, requires the permission of the Court. Fed.R.Civ.P. 15(a)(2). The grant or denial of leave to amend a complaint is in the discretion of the court. In deciding whether to grant leave to amend a complaint, the court may consider the following factors: bad faith, undue delay, futility of the amendment, and prejudice to the opposing party. Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001). The Ninth Circuit has instructed that "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981); see also Fed.R.Civ.P. 15(a)(2).

The Court has reviewed the amended complaint and believes permitting amendment will serve the interests of justice and judicial economy. For that reason, the fact no party has opposed amendment, and in light of Rule 15's policy of "freely" allowing amendment when in the interests of justice, leave to amend is appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. Intervenor Plaintiff Wagon Wheel Farms, Inc.'s Motion for Leave to File a First Amended Complaint (Doc. 112) is GRANTED;

---

[1] It appears that all of the proposed defendants in the First Amended Complaint, save Redwood Farms, Inc., are already parties in this action.

2. Intervenor Plaintiff Wagon Wheel Farms, Inc. Is ordered to file its First Amended Complaint no later than February 5, 2010.

IT IS SO ORDERED.

Dated: **February 2, 2010**                                **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE