IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINGSBURG APPLE PACKERS, INC., dba KINGSBURG ORCHARDS, et al.,<br><br>             Plaintiff,<br><br>       v.<br><br>BALLANTINE PRODUCE CO., INC., et al.,<br><br>             Defendants. | CASE NO. 1:09-cv-00901 AWI- JLT<br><br>ORDER GRANTING SPECTRUM PRODUCE DISTRIBUTING, INC.'S MOTION FOR LEAVE TO INTERVENE AND FILE PACA PROOF OF CLAIM OUT OF TIME  (Doc. 108) |

Currently before the Court is Spectrum Produce Distributing, Inc.'s ("Spectrum's") Motion for Leave to Intervene and File PACA Proof of Claim Out of Time. (Doc. 108).

**BACKGROUND**

This action was commenced on May 21, 2009 under the Perishable Agricultural Commodities Act of 1930 ("PACA"), seeking to enforce payment from the statutory trust imposed by PACA against Defendant Ballantine Produce Co., a commission merchant and sales dealer in perishable fruits and citrus, and other related defendants.

On June 16, 2009, the Court entered a consent injunction and order establishing a PACA trust account and claims procedure "for the management of assets subject to the trust provisions of the Perishable Agricultural Commodities Act, 1930 (PACA)."  (Doc. 28 at 1, 5-13).  In particular, the

order set deadlines for creditors to file PACA Proofs of Claim, Complaints in Intervention, Objections to Claims, Responses to Objections, etc. (Id. at 9). In pertinent part, the order provided:

> 27. Any creditor claiming PACA trust rights against the Defendants and wishing to share in any distribution in this action must:
>
> a. On or before the Deadline to File PACA Proof of Claim, file a verified PACA Proof of Claim . . . together with all supporting documents, with the Court or serve the PACA Proof of Claim, along with all supporting documentation . . .

(Doc. 28 at 9). The order set a deadline of Monday, July 29, 2009, for any claimant to file a PACA Proof of Claim as well as any Complaint in Intervention. (Id.) The order further stated that **"ANY CLAIMS NOT TIMELY FILED SHALL BE FOREVER BARRED"**. (Id. at 10). (Emphasis in original).

On September 29, 2009, two months after the deadline expired, Spectrum filed this motion for leave to file a Proof of Claim out of date and attached a proposed Complaint in Intervention. (Doc. 108). Bank of the West has filed an opposition to the motion. (Doc. 122).

## DISCUSSION

**A.  Intervention as of Right**

Spectrum seeks to intervene as a matter of right pursuant to Rule 24, Federal Rules of Civil Procedure, which states, in pertinent part:

> **(a) Intervention of Right**. On a timely motion, the court must permit anyone to intervene who:
>
> **(1)** is given an unconditional right to intervene by a federal statute; or
>
> **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Bank of the West does not allege that Spectrum fails to meet the qualifications of Rule 24(a) for intervention as a matter of right in this matter, except that it notes that intervention of right is conditioned upon a *timely* motion.

Bank of the West correctly notes that the right to intervene under Rule 24(a) presupposes a

1  "timely" motion.  NAACP v. New York, 413 U.S. 345, 365 (1973).  Timeliness must be determined
2  from all the circumstances and is left to the sound discretion of the court and its determination on
3  this point will not be disturbed on appeal absent an abuse of discretion.  Id. at 365-66.  Generally,
4  three factors are weighed in determining whether a motion to intervene is timely: (1) the stage of the
5  proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the
6  reason for the length of delay.  U.S. v. State of Washington, 86 F.3d 1499, 1503 (9th Cir. 1996).  The
7  rules for intervening are to be construed broadly in favor of intervention.  Id.

**1.     Spectrum's Proof of Claim is Clearly Tardy**

Obviously the first consideration outlined in State of Washington weighs against Spectrum. The Court's injunction and order of June 16, 2009, set a clear deadline for filing Proofs of Claim and Complaints in Intervention by July 29, 2009, and Spectrum's filing is two months beyond that deadline.  The order states in bold letters that filings beyond this date will not be permitted. (Doc. 28 at 10).  As a result, absent a showing by Spectrum of a lack of prejudice to the other parties and a valid reason for the delay, the claim will not be allowed.

**2.     Allowing Intervention Will Only Minimally Prejudice Other Parties**

Bank of the West's chief argument on this point is that all the deadlines outlined by the Court in its previous order have expired and will have to be pushed back if Spectrum is allowed to intervene.  Bank of the West contends also that allowing late intervention will only encourage other tardy claims and also cites the time and expense of having to respond to the a new claim.

Upon review, the Court is not convinced that modifying the deadlines to permit Spectrum's claim will cause much, if any, prejudice.  By previous order, the Court directed that the validity of the claims of Wagon Wheel Farms, Inc. and DiBuduo Land Management, Inc., be resolved before the validity of the claims of any other claimants were addressed.  (Doc. 116 at 2).  As of the filing of this order, the validity of those claims have not been resolved and, at this point, no trust funds have been disbursed.  After claims against those entities are resolved, the other claimants have 45 days to file motions as to the validity of their claims.  (See Id.).  Thus, for all intents and purposes, the case is in stasis with respect to other claimants until the Court determines the validity of the claims of Wagon Wheel Farms and DiBuduo Land Management.  In fact, at oral argument, plaintiff Kingsburg

3

admitted that there was no prejudice in allowing the intervention for these reasons.  In light of the fact that Spectrum's motion to intervene and accompanying complaint have been pending since September, 2009, which has provided the other parties significant time to evaluate whether any objections to Spectrum's PACA claim should be made, the prejudice to any party caused by Spectrum's late intervention is minimal.

### 3. Spectrum Has Explained the Reason for its Delay

In support of its motion, Spectrum attached the affidavit of Gary Blank, who describes himself as a "sales representative" for Spectrum.  (Doc. 108, Ex. A).  Blank states that "sometime in June" he received documents via Federal Express related to this case "which I thought . . . [had] been delivered to the wrong recipient and [I] discarded them."  (Id., Ex A at 1-2).  Blank further states that having already filed an administrative claim against Defendant Ballantine with the U.S. Department of Agriculture ("USDA"), he was not aware of the need to file a claim in the U.S. District Court "until I consulted with legal counsel by which time the deadline for filing PACA claims had already expired."  (Id., Ex. A at 2).

Although it is not clear precisely how much time expired between Blank's conferring with legal counsel and the filing of this motion, the fact that Blank stated he did not discuss this matter with counsel until after the July 29th deadline, together with Spectrum's September 29th filing of the motion to intervene, adequately explains the delay in filing this current motion to intervene.

### B. Spectrum Has Demonstrated Excusable Neglect

Rule 6(b)(1)(B), Federal Rules of Civil Procedure,  provides that when an act is required to be done within a specified period of time, the court may, for good cause, extend that time "on motion made after the time has expired if the party failed to act because of excusable neglect."

Bank of the West contends that Spectrum has failed to provide a reasonable basis for its failure to file a timely Proof of Claim.  In particular Bank of the West argues that Spectrum's explanation is insufficient because Blank has not detailed why he believed the papers sent to him were sent to the wrong entity.  Bank of the West contends that Blank should have known of Spectrum's interest in the claim, given the explicit language of the notice, and yet he failed to act in a reasonably diligent manner.  (Doc. 122 at 5).  Nevertheless, the Court finds that the affidavit of Gary

4

Blank, while not a model of completeness, adequately demonstrates that Spectrum acted in good faith and filed its claim within a relatively brief period of time.  See Pioneer Investment Services Co. v. Brunswick Associated L.P., 507 U.S. 380, 395 (1993) (assessing the element of "good faith" in determining if a party had demonstrated excusable neglect in filing a Proof of Claim in a bankruptcy proceeding); see also In re KMart Corp., 381 F.3d 709, 713 (7th Cir. 2004) (same).

While not precedent and not binding on this Court, the facts of Produce Alliance, L.L.C. v. Fresh America Corp., 2003 U.S. Dist. LEXIS 11610 (N.D. Tex. July 8, 2003) are persuasive.  In that case, the PACA claimant filed a tardy Proof of Claim because the claimant's credit manager filed the court's order without consulting legal counsel because she believed that a second notice was sent to the company's attorney.  Id. at *21-27. On these fact, the court found excusable neglect was.  Id. The court relied upon Endico Potatoes, Inc. v. CIT Group/Factoring, Inc. 67 F.3d 1063, 1067 (2d Cir. 1995) in which that court determined that the purpose of the PACA trust provisions was to provide protection to the sellers of fresh produce, who "due to the need to sell perishable commodities quickly . . . are often placed in the position of being unsecured creditors of companies whose creditworthiness the seller is unable to verify." Id. at *22.  Without the PACA provisions, sellers are left with their claims subordinated to the interests of secured creditors like banks and other lenders. Id.

Other courts have found excusable neglect in analogous situations.  For instance in Pioneer Investments, the Supreme Court found excusable neglect where an attorney inadvertently failed to file a proof of claim in a bankruptcy proceeding.  See 507 U.S. at 397-99.  In another case, excusable neglect was found when a defendant inadvertently placed a summons and complaint in a pile of junk mail but, upon later realizing the mistake, promptly consulted legal counsel who then took prompt action. Standard Enterprises, Inc. v. Bag-It, Inc., 115 F.R.D. 38, 39 (S.D. N.Y. 1987).  In still another case, the court found excusable neglect where the failure to respond to a complaint was the product of "isolated human error."  Owens-Illinois, Inc. v. T & N Ltd., 191 F.R.D. 522, 528 (E.D. Tex. 2000).

The situation here requires a similar conclusion.  There is no evidence of bad faith by Spectrum.  Gary Blank stated that he did not inform counsel about the papers he received in June

until after the July 29th deadline had passed.  Spectrum's claim was filed within two months.  Also, while not bearing on the Court's analysis, it is worth noting that Spectrum's claim is relatively small, just over $10,000.00, and it will have a minimal impact on other claimants' prospects for full recovery.  Finally, disallowing this claim would severely penalize Spectrum and frustrate the overarching legislative purpose of the PACA trust provisions.  For these reasons, the Court concludes that Spectrum has established excusable neglect.  Therefore, the motion to intervene will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Spectrum's Motion for Leave to Intervene and File a PACA Proof of Claim Out of Time (Doc. 108) is GRANTED.
2. Spectrum shall file its PACA Proof of Claim and Complaint in Intervention no later than February 12, 2010.
3. Any objections to Spectrum's Parties PACA Proof of Claim must be filed on or before February 26, 2010.
4. Spectrum may file a response to the objections by March 12, 2010.
5. All other deadlines and orders apply to Spectrum including that Spectrum shall have 45 days from the Court's decision on the validity of the PACA Proof of Claims of Wagon Wheel Farms, Inc. and DiBuduo Land Management, Inc., or 45 days from the deadline for filing a response to any objections, whichever is later, to file a Motion to Determine the Validity of its claims.

IT IS SO ORDERED.

Dated:   **February 3, 2010**                                              /s/ Jennifer L. Thurston
                                                                                           UNITED STATES MAGISTRATE JUDGE