**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KINGSBURG APPLE PACKERS INC.<br>D/B/A KINGSBURG ORCHARDS, et. al.<br><br>            Plaintiffs,<br><br>       v.<br><br>BALLANTINE PRODUCE Co., Inc., et. al.,<br><br>            Defendants. | NO. 1:09-CV-901-AWI-JLT<br><br>ORDER DISMISSING CLAIMS<br>AGAINST DEFENDANTS IN LIGHT<br>OF STIPULATION FOR DISMISSAL |

On September 16, 2010, the Kingsburg Group[1] and Defendants Ballantine Produce Co., Inc., Virgil E. Rasmussen; David S. Albertson; Eric Albertson; and Jerry DiBuduo filed a stipulation of voluntary dismissal of this matter without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).

Rule 41(a)(1)(A), in relevant part, reads:

> the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; (ii) a stipulated dismissal signed by all parties who have appeared.

---

[1] The Kingsburg Group consists of Plaintiffs, Kingsburg Apple Packers d/b/a Kingsburg Orchards and David Del Curto, S.A., along with Intervening Plaintiffs, Giumarra International Marketing; Agricamex, LTDA; Delifruit, S.A., Exportadora & Servicios Rucaray, S.A.; Exportadora Agricola Casabindo, LTDA; Gestion De Exportaciones Fruticolas, S.A.; Southern Fruits, S.A.; and Tuniche Fruits, S.A.

1 Rule 41(a)(1)(A)(ii) thus allows the parties to dismiss an action voluntarily, after service of an
2 answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared,
3 although an oral stipulation in open court will also suffice.  <u>Carter v. Beverly Hills Sav. & Loan</u>
4 <u>Asso.</u>, 884 F.2d 1186, 1191 (9th Cir. 1989); <u>Eitel v. McCool</u>, 782 F.2d 1470, 1472-73 (9th Cir.
5 1986).  Once the stipulation between the parties who have appeared is properly filed or made in
6 open court, no order of the court is necessary to effectuate dismissal.  Fed. R. Civ. Pro.
7 41(a)(1)(ii); <u>Eitel</u>, 782 F.2d at 1473 n.4.  "Caselaw concerning stipulated dismissals under Rule
8 41(a) (1) (ii) is clear that the entry of such a stipulation of dismissal is effective automatically and
9 does not require judicial approval."  <u>In re Wolf</u>, 842 F.2d 464, 466 (D.C. Cir. 1989); <u>Gardiner v.</u>
10 <u>A.H. Robins Co.</u>, 747 F.2d 1180, 1189 (8th Cir. 1984); <u>see also</u> <u>Gambale v. Deutsche Bank AG</u>,
11 377 F.3d 133, 139 (2d Cir. 2004); <u>Commercial Space Mgmt. Co. v. Boeing Co.</u>, 193 F.3d 1074,
12 1077 (9th Cir. 1999) <u>cf</u>. <u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997)
13 (addressing Rule 41(a)(1) dismissals).  "The plaintiff may dismiss some or all of the defendants,
14 or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal "automatically
15 terminates the action as to the defendants who are the subjects of the notice."  <u>Wilson</u>, 111 F.3d
16 at 692; <u>Concha v. London</u>, 62 F.3d 1493, 1506 (9th Cir. 1995).

17       Therefore, IT IS HEREBY ORDERED that the Kingsburg Group's claims against
18 Defendants Ballantine Produce Co., Inc., Virgil E. Rasmussen; David S. Albertson; Eric
19 Albertson; and Jerry DiBuduo are dismissed without prejudice the in light of the filed and
20 properly signed Rule 41(a)(1)(A)(ii) Stipulation Of Dismissal.  Each party is to bear its own
21 attorneys' fees and costs.

23 IT IS SO ORDERED.

24
25 Dated:    September 17, 2010                                    _____
                                                                   CHIEF UNITED STATES DISTRICT JUDGE

28                                            2