**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KINGSBURG APPLE PACKERS INC.<br>D/B/A KINGSBURG ORCHARDS, et. al.<br><br>        Plaintiffs,<br><br>   v.<br><br>BALLANTINE PRODUCE Co., Inc., et. al.,<br><br>        Defendants.<br>_____<br>WAGON WHEEL FARMS, INC., a<br>California corporation,<br><br>        Intervenor Plaintiff,<br><br>   v.<br><br>BALLANTINE PRODUCE CO., Inc. et. al.<br><br>        Defendants.<br>_____ | NO. 1:09-CV-901-AWI-JLT<br><br>ORDER DENYING DEFENDANTS'<br>MOTION TO DISMISS WAGON<br>WHEEL'S COMPLAINT AS MOOT<br><br>(Doc. No. 205) |

    On August 6, 2010, Defendants Ballantine, David Albertson, Eric Albertson, Richard Graham, Redwood Farms, and Babijuice's (collectively "Defendants") filed a motion to dismiss Plaintiff Wagon Wheel Farms, Inc.'s ("Wagon Wheel") Second-Amended Complaint, which was filed on July 20, 2010. On July 30, 2010, however, Wagon Wheel filed a Third-Amended

Complaint.[1]  Wagon Wheel filed its Third-Amended Complaint in response to the Court's July 16, 2010 Order, which allowed Wagon Wheel to file an amended complaint on or by July 30, 2010.  The Third-Amended Complaint supersedes the original complaint, and the original complaint is treated as non-existent.  An "amended complaint supersedes the original, the latter being treated thereafter as non-existent." Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); see also Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Since Defendants' motion attacks Wagon Wheel's Second-Amended Complaint and now "non-existent" complaint, Defendants' motion is now moot.

     Accordingly, IT IS HEREBY ORDERED that Defendants' motion to dismiss, which is Document Number 205 on the Court's docket, is DENIED as moot.

IT IS SO ORDERED.

Dated:  October 8, 2010

                              CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that because Defendants' Motion to Dismiss makes specific references to allegations contained in the Second-Amended Complaint, the Court is satisfied that Defendants are in fact targeting the Second-Amended Complaint and not just accidently referring to the Third-Amended Complaint as the Second-Amended Complaint.  Moreover, the Third-Amended Complaint is substantively different from the Second-Amended Complaint.

2