IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINGSBURG APPLE PACKERS, INC. D/B/A KINGSBURG ORCHARDS, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> BALLANTINE PRODUCE CO., INC., et. al., <br><br> Defendants. | NO. 1:09-CV-901-AWI-JLT <br><br> ORDER GRANTING WAGON WHEEL'S MOTION FOR SUMMARY JUDGMENT <br><br> [Doc. #237] |
| WAGON WHEEL FARMS, INC., a California corporation, <br><br> Intervenor Plaintiff, <br><br> v. <br><br> BALLANTINE PRODUCE CO., INC., et. al., <br><br> Defendants. | |

## BACKGROUND

Intervening Plaintiff Wagon Wheel Farms, Inc. ("Wagon Wheel") has moved for summary judgment on its breach of contract claim against Defendant Ballantine Produce Company, Inc. ("Ballantine"). Wagon Wheel argues that there are no triable issues of material fact and is therefore entitled to judgment as a matter of law on its breach of contract claim

against Ballantine.  Ballantine has not filed an opposition to Wagon Wheel's motion.  For the reasons that follow, the motion will be granted.

## FACTS[1]

Wagon Wheel is a family farming company engaged in the business of growing perishable fruit and citrus.  Wagon Wheel is owned and operated by Craig Sorensen ("Sorensen").  In April 2008, Sorensen entered into an oral contract on behalf of Wagon Wheel with Ballantine.  Under the agreement, Ballantine was to be the exclusive packer, commission merchant, and sales broker for all of Wagon Wheel's fruit produced during the 2008-2009 harvest season.  Throughout the 2008-2009 harvest season, Wagon Wheel performed its obligations under the agreement by delivering marketable fruit to Ballantine for packing and marketing.  Pursuant to the agreement, Ballantine was required to promptly pay Wagon Wheel for fruit that Ballantine sold on Wagon Wheel's behalf.  As of April 2009, Wagon Wheel delivered to Ballantine $1,044, 727.52 worth of fruit.  Ballantine still owes Wagon Wheel $1,018,306.22 of this amount.

## LEGAL STANDARD

For a motion for summary judgment, the Court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; Suzuki Motor Corp. v. Consumers Union of United States, Inc., 330 F.3d 1110, 1131 (9th Cir. 2005) (citation omitted).  "The court must not weigh the evidence or determine the truth of the matters asserted but must only determine whether there is a genuine issue for trial."  Summers v. A. Teichert & Son, Inc., 127 F.3d 1150, 1152 (9th Cir. 1997).

## DISCUSSION

In California, "[a] cause of action for breach of contract requires proof of the following

---

[1] The following facts are taken from Wagon Wheel's Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment, which has not been opposed.  (Doc. #239.)

elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." Williams v. Bank of Am., No. 2:09-CV-3060-JAM-KJM, 2010 WL 3034197, at *4 (E.D. Cal. Jul. 30, 2010) (quoting CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008)).

In its Answer to Wagon Wheel's Third Amended Complaint, Ballantine admits (1) the existence of the contract with Wagon Wheel; (2) Wagon Wheel performed under the contract by providing marketable fruit in good quality to Ballantine; (3) that the contract required Ballantine to promptly pay Wagon Wheel the sales proceeds from the fruit that Ballantine packed and sold for Wagon Wheel; and (4) that it owes $1,018,306.22 to Wagon Wheel for the fruit that Wagon Wheel provided to Ballantine. See Answer at ¶¶ 26, 33-34, 36. Based on Ballantine's admissions, Wagon Wheel has demonstrated that there are no genuine issues of material fact. Therefore, Wagon Wheel is entitled to judgment as a matter law on its breach of contract claim against Ballantine.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Wagon Wheel's Motion for Summary Judgment on its breach of contract claim against Ballantine is GRANTED.

IT IS SO ORDERED.

Dated:   February 16, 2011

CHIEF UNITED STATES DISTRICT JUDGE

3