IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINGSBURG APPLE PACKERS, INC. d/b/a KINGSBURG ORCHARDS, et al,<br><br>             Plaintiffs,<br><br>    v.<br><br>BALLANTINE PRODUCE CO., INC., et al.,<br><br>             Defendants. | Case No.: 1:19-cv-00901 LJO JLT<br><br>ORDER DENYING IN PART AND GRANTING IN PART STIPULATION TO AMEND SCHEDULING ORDER<br><br>(Doc. 253) |

Before the Court is the stipulation of the parties to amend the scheduling order. (Doc. 253) They seek an extension of certain dates set forth in the scheduling order of between 30 and 60 days. Id. at 2. For the reasons discussed below, the Court **DENIES IN PART** and **GRANTS IN PART** the stipulation to amend the scheduling order.

**I.   The Scheduling Order**

The Court conducted the scheduling conference on September 23, 2010. (Doc. 226) In preparation for the scheduling conference, the parties filed a joint statement in which they requested that the Court adopt a non-expert discovery deadline of June 28, 2011, followed by expert discovery to be completed on September 26, 2011. (Doc. 221 at 11) When it issued its scheduling order, the Court acceded to the parties' request. (Doc. 226 at 2) Notably, in the scheduling order, the Court admonished the parties,

**The dates set in this Order are considered to be firm and will not be modified**

1

**absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

(Doc. 17 at 7)

Pursuant to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified <u>only for good cause</u> and only with the judge's consent. Fed. R. Civ. P. 16(b).  In <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992), the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 607 (E.D. Cal. 1999); see <u>Marcum v. Zimmer</u>, 163 F.R.D. 250, 254 (S.D. W.Va. 1995).  In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." <u>Jackson</u>, 186 F.R.D. at 608.

In the current stipulation the parties note that "discovery has been ongoing" but they fail to detail the discovery that has been completed or the discovery yet to be completed.  They do not explain why the incomplete discovery has not been completed before now or why it cannot be completed before the discovery deadline currently set.

Likewise, the parties note that Wagon Wheel's motion for judgment is pending and that Wagon Wheel "would like to explore its collection activities without incurring the cost of discovery."  However, Wagon Wheel does not explain how or why this interest can only be served by an extension of the discovery deadline or how this interest is superior to the Court's interest in bringing this case to completion for all of the parties in a more timely fashion.

Finally the parties report that conducting discovery "would impose an impediment to the

1  resolution of the pending claims. However, given that the parties have engaged in settlement
2  discussions since the inception of this case, the fact that the parties have continued in these
3  discussions, or wish to renew these efforts, does not constitute an unanticipated circumstance that
4  would constitute good cause to amend the scheduling order.

5  Therefore, the Court declines to amend the discovery period as stipulated.  However, the
6  Court will modify the scheduling order in a limited fashion in light of the extensive motion work that
7  has been pursued to date.  This case is nearly two years old and has taken an enormous amount of
8  judicial resources.  It is time now for the parties to work cooperatively to complete all needed
9  discovery expeditiously and to move this case to completeion.  **The parties and counsel are**
10 **admonished that no further amendments to the scheduling order will be permitted absent a**
11 **showing of exceptional good cause that is supported by facts rather than mere conclusions.**

## ORDER

13  Based upon the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** the
14  stipulation to amend the scheduling order as follows:

15  1.   Non-Expert Discovery Deadline:              August 29, 2011
16  2.   Settlement Conference:                      January 30, 2012, 10 a.m. Courtroom 6

18  IT IS SO ORDERED.
19  Dated:  **April 1, 2011**                             /s/ **Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE

3