**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KINGSBURG APPLE PACKERS, INC. D/B/A KINGSBURG ORCHARDS, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> BALLANTINE PRODUCE CO., INC., et. al., <br><br> Defendants. <br> ──────────────────────── <br> WAGON WHEEL FARMS, INC., a California corporation, <br><br> Intervenor Plaintiff, <br><br> v. <br><br> BALLANTINE PRODUCE CO., INC., et. al., <br><br> Defendants. | NO. 1:09-CV-901-AWI-JLT <br><br> ORDER GRANTING WAGON WHEEL'S MOTION FOR FINAL JUDGMENT AGAINST BALLANTINE <br><br> [Doc. #249] |

**BACKGROUND**

On January 7, 2011, Intervening Plaintiff Wagon Wheel Farms, Inc. ("Wagon Wheel") moved for summary judgment on its breach of contract claim against Defendant Ballantine Produce Company, Inc. ("Ballantine"). On February 16, 2011, the Court granted Wagon Wheel's motion for summary judgment. Wagon Wheel now moves for entry of final judgment against

Ballantine under Rule 54(b) of the Federal Rules of Civil Procedure. Ballantine has not filed an opposition to Wagon Wheel's motion. For the reasons that follow, the motion will be granted.

## LEGAL STANDARD

Rule 54(b) of the Federal Rules of Civil Procedure provides that final entry of judgment should be made on individual claims in multiple claim suits "upon an express determination that there is no just reason for delay." In making a determination under Rule 54(b), the court must first determine that it is dealing with a final judgment, which means a decision that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980). Second, the court must determine whether there is any just reason for delay. Id. at 8. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'" Id. A court's application of Rule 54(b) should preserve "the historic federal policy against piecemeal appeals." Id. The Ninth Circuit has stated that the appropriate focus for a court's Rule 54(b) decision is "severability and efficient judicial administration." Wood v. GCC Bend, LLC, 422 F.3d 873, 880 (9th Cir. 2005). The district court is to make specific findings that set forth the reasons for granting a Rule 54(b) motion. In re Lindsay, 59 F.3d 942, 951 (9th Cir. 1995).

## DISCUSSION

A Rule 54(b) judgment is appropriate in this case. First, there is a final judgment. The Court granted summary judgment in favor of Wagon Wheel on its breach of contract claim against Ballantine. In addition, concurrently with the motion for final judgment, Wagon Wheel has moved to dismiss all of its remaining claims against Ballantine with prejudice. (Doc. 250 at 7.) Thus, with respect to Wagon Wheel and Ballantine, all claims have been finally settled.

Second, the Court sees no just reason for delay. Wagon Wheel's claim against Ballantine was based on breach of contract. In contrast, the claims against the remaining Defendants are

based on the Defendants improperly taking possession of fruit proceeds and/or using the proceeds to pay other creditors or for other improper purposes.  Thus, the claim against Ballantine and the claims against the remaining Defendants are severable.  Furthermore, the Court does not see a danger that "piecemeal appeals" will occur.  Ballantine has not opposed Wagon Wheel's motion for final judgment or the previous motion for summary judgment.  In addition, the Court granted Wagon Wheel's motion for summary judgment based on Ballantine's express admissions in the record.  Therefore, the Court concludes that there is no reason to delay entry of final judgment in favor of Wagon Wheel and against Ballantine.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Wagon Wheel's third, fourth, fifth, sixth, seventh and eighth causes of action against Ballantine are DISMISSED with prejudice;
2. Wagon Wheel's Rule 54(b) Motion for Final Judgment is GRANTED; and
3. The clerk is directed to enter final judgment against Ballantine and in favor of Wagon Wheel.

IT IS SO ORDERED.

Dated:   April 12, 2011

CHIEF UNITED STATES DISTRICT JUDGE