1
2
3
4
5
6
7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  KINGSBURG APPLE PACKERS, INC., et al., | )  Case No.: 1:09-cv-00901 AWI JLT |
| 12              Plaintiffs, | )  ORDER GRANTING PELTON'S MOTION |
| | )  FOR LEAVE TO AMEND ANSWER |
| 13          v. | ) |
| | )  (Doc. 265) |
| 14  BALLANTINE PRODUCE CO., INC, et al., | ) |
| | )  ORDER GRANTING BANK OF THE WEST'S |
| 15              Defendants. | )  MOTION FOR LEAVE TO AMEND ANSWER |
| | ) |
| 16  _____ | )  (Doc. 269) |
| AND RELATED CROSS-CLAIMS | ) |
| 17  _____ | ) |

18          Third Party Defendants John D. Pelton and John D. Pelton & Associates, Inc. (collectively,

19  "Pelton") seeks to amend leave to amend the Answer filed to the Third Party Complaint, to add

20  additional affirmative defenses.  (Doc. 265).  Likewise, Third Party Defendant Bank of the West

21  ("the Bank") seeks to amend its Answer to the Third Party Complaint to add affirmative defenses.

22  (Doc. 269).  Ballantine Produce Co., Inc. ("Ballantine") has opposed both motions.  (Docs. 273-76).

23          On March 5, 2012, the Court heard argument regarding the motions.  For the following

24  reasons, Pelton's and the Bank's motions to amend their answers are **GRANTED**.

25  **I.      BACKGROUND**

26          On August 12, 2009, Ballantine, Virgil Rasmussen, David Albertson, Eric Albertson, Jerry

27  DiBuduo, and Babijuice Corporation of California filed a "Third Party Complaint" against Pelton

28  and the Bank.  (Doc. 97).  In the Third Party Complaint, the parties raised claims for equitable

1

1   indemnity, contribution, and tort of another.  *Id.*  The Bank filed its Answer on September 11, 2009.

2   (Doc. 107), and Pelton filed an Answer on February 19, 2010 (Doc. 152).

3          In October 2010, after completing several sessions of mediation, Ballantine, Albertson, the

4   Bank and Pelton settled a related case in Fresno County Superior Court. (Doc. 265-2 at 2)

5   Ballantine and Albertson agreed to release The Bank and Pelton from all pending claims.  *Id.*  The

6   settlement agreement contained a release provision, pursuant to Cal. Civil Code § 1542 purporting

7   to release all claims "arising out of or related to the Action."  *Id*. at 11. Likewise, the agreement

8   indicated that any disputes relating to its enforcement would be resolved through binding

9   arbitration.  *Id*. at 13.

10          In November 2011, DiBuduo and Pelton settled a different though related, action in Fresno

11   Superior Court. (Doc. 265-2 at 2)  In this settlement, DiBuduo agreed to release all claims against

12   Pelton.  *Id*.  Pelton asserts that DiBuduo has expressed his intention to release all claims against the

13   Bank also.  *Id*. at 3. This agreement too included a "mutual release" provision according to Cal.

14   Civil Code § 1542 and purported to "cover all Claims arising out of or related to the matters

15   described herein, whether known or unknown, suspected or unsuspected, or matured or contingent."

16   *Id*. at 17.

17          The Bank and Pelton now seek to amend their Answers to add defenses that they claim had

18   not yet arisen at the time they were filed.  The Bank's proposed amended answer adds the doctrines

19   of estoppel, waiver and release"as defenses as well as alleging that the third parties are barred based

20   upon the Court's determination of the good faith settlement.  (Doc 269-2 at 33, 36) As to release,

21   the Bank seeks to allege that the third party claims are barred due to the settlement of a related

22   matter.  *Id.*  As to the second new defense, the Bank seeks to argue that the determination of the

23   good faith settlement between the Bank and Plaintiffs and Interveners, bars the third party claims.

24   *Id*.

25          Pelton seeks to add four defenses to his answer. (Doc. 265-2 at 26-27) Pelton seeks to allege

26   that the third parties are barred from asserting their claims based upon the doctrines of estoppel, res

27   judicata waiver and compromise and release.  *Id.*

28   ///

1    **II.     LEGAL STANDARDS**

2          Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend a pleading once

3    as a matter of course within 21 days of service.  "In all other cases, a party may amend its pleading

4    only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

5    Although leave to amend should "freely given when justice so requires," *id.*, granting or denying

6    leave to amend a complaint is in the discretion of the Court.  *Swanson v. United States Forest*

7    *Service*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court must be guided by

8    the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or

9    technicalities."  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).  Leave to amend a

10   pleading should not be granted where "amendment would cause prejudice to the opposing party, is

11   sought in bad faith, is futile, or creates undue delay."  *Madeja v. Olympic Packers*, 310 F.3d 628,

12   636 (9th Cir. 2002) (citing *Yakima Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246

13   (9th Cir. 1999)).

14   **III.    DISCUSSION AND ANALYSIS**

15         As an initial matter, the Bank and Pelton seek leave to amend pursuant to Rule 15.  (Doc.

16   265-1 at 3; Doc. 269 at 3).  However, Ballantine asserts the motions are governed by Rule 16, which

17   requires a showing of good cause for amendment.  (Doc. 274 at 2; Doc. 276 at 2).

18         The Ninth Circuit explained that when a scheduling order has imposed a deadline for

19   pleading amendments, and a party seeks amendment after the deadline, good cause must be

20   demonstrated under Rule 16.  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000)

21   (citing *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607-09 (9th Cir. 1992)); *see also* Fed. R.

22   Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

23   However, when the scheduling order does not set a deadline for amendment, Rule 16's good cause

24   standard does not apply.  *See, e.g., Santa Clara Valley Water Dist. v. Olin Corp.*, 2009 U.S. Dist.

25   LEXIS 23816, at *12 (N.D. Cal. March 13, 2009) ("Because the court's case scheduling orders

26   imposed no deadline for amending the pleadings, [the party] is *not* required to show good cause for

27   its desire to amend").  In this case, the Court entered its Scheduling Order on September 23, 2012,

28   but did not set forth a pleading amendment deadline.  (*See* Doc. 226).  Because a deadline was not

                                                        3

1   set forth in the scheduling order, the standards of Rule 15 govern the motions, and the good cause

2   requirement by Rule 16 is inapplicable.

3       Under Rule 15(a), there are several factors a court may consider in deciding whether to grant

4   leave to amend a pleading:  (1) whether there have been prior amendments, (2) undue delay, (3) bad

5   faith, (4) futility of amendment, and (5) prejudice to the opposing party.  *Foman v. Davis*, 371 U.S.

6   178, 182 (1962); *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).

7   These factors are not of equal weight; prejudice has long been held to be the most crucial factor in

8   determining whether to grant leave to amend.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d

9   1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice

10  to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385,

11  1387 (9th Cir. 1990); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

12      **A.    Prior amendments**

13      The Court's discretion to deny an amendment is "particularly broad" where a pleading has

14  been amended previously.  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Fidelity*

15  *Fin. Corp. v. Fed. Home Loan Bank*, 79 F.3d 1432, 1438 (9th Cir. 1986).  The Bank and Pelton

16  have not previously amended their answers in this action.  Therefore, this factor does not weigh

17  against amendment.

18      **B.    Undue delay**

19      By itself, undue delay is insufficient to prevent the Court from granting leave to amend

20  pleadings.  *Howey*, 482 F.2d at 1191; *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.

21  1986).  However, in combination with other factors, delay may be sufficient to deny amendment.

22  *See Hurn v. Ret. Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981) (finding a delay of

23  two years, "while not alone enough to support denial, is nevertheless relevant").  Evaluating undue

24  delay, the Court considers "whether the moving party knew or should have known the facts and

25  theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1388; *see also*

26  *Eminence Capital*, 316 F.3d at 1052.  In addition, the Court should examine whether "permitting an

27  amendment would . . . produce an undue delay in the litigation." *Id.* at 1387.

28

4

1    Here, Pelton and the Bank assert that the defenses they seek to add, had not yet arisen when

2  their answers were filed, but rather arose after the parties entered in a settlement agreement with

3  Ballantine on October 16, 2010.  (Doc. 265-1 at 4; Doc. 265-1 at 4).  On the other hand, Ballantine

4  argues "there is no reasonable explanation" why Pelton waited "more than 15 months to file the

5  present motion after the Settlement agreement giving rise to the proposed amendment occurred . . ."

6  (Doc. 276 at 2), and that the Bank failed to demonstrate due diligence in bringing its motion (Doc.

7  274 at 4).  In reply, the Bank explained that it, mistakenly, believed the matter had been dismissed

8  after the settlement conference based upon an inquiry with the Court.[1]  (Doc. 279 at 2).  However,

9  "when out of an abundance of caution, counsel checked a second time . . . it was discovered that this

10  matter was still pending."  *Id.* at 2.

11    Significantly, as the Bank and Pelton note, the affirmative defenses had not yet arisen when

12  their answers were filed, and the parties could not have "known the facts and theories raised by the

13  amendment."  *See Jackson*, 902 F.2d at 1388.  Rather, the affirmative defenses of res judicata,

14  waiver, estoppel and compromise and release (Doc. 265-1 at 6; Doc. 269-2, Exh. 4) arose after the

15  original answers were filed.[2]  Therefore, this factor does not weigh against amendment.

16    **C.    Bad faith**

17    In opposing the motions, Ballantine does not allege Pelton or the Bank have acted in bad

18  faith.  (*See* Doc. 274; Doc. 276).  Further, review of the information presented by the parties does

19  not demonstrate the Bank or Pelton seek leave to amend their answers in bad faith.  Therefore, this

20  factor does not weigh against amendment.

21    **D.    Futility of amendment**

22    "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."

23  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Miller v. Rykoff-Sexton*, 845 F.2d

24  209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or

25

26    [1] The Bank was dismissed as a defendant in the underlying action on September 29, 2011. (Doc. 261).

27    [2] On the other hand, as to the defenses of estoppel and waiver, the Bank had already included these as defenses in
their original answer.  Their amendment seeks to add additional factual detail related to these pre-existing defenses. (Doc.
28  269-1 at 33)

1    legally insufficient"). A motion for leave to amend is futile if it can be defeated on a motion for

2    summary judgment. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986).

3         The Bank argues the proposed amendments are not futile, but rather "the added affirmative

4    defenses are likely to be case dispositve if an arbitrator, or the Court, determines the prior settlement

5    agreement and release and the Court's prior order determining that the settlement between the Bank

6    and the Plaintiffs and Intervenors was in good fath have released or barred all claims . . ." (Doc.

7    269-1 at 5).  Likewise, Pelton asserts that the affirmative defenses may be dispositive if the

8    settlement agreements and releases have released all claims.  (Doc. 265-1 at 5). Thus, the Bank and

9    Pelton argue that if the claims are barred, Ballantine is estopped from pursuing the action. Doc. 265-

10    1 at 5; Doc. 269-1 at 5). Because it does not appear amendment to the answers is futile, or that the

11    amendments could be defeated on a dispositive motion, this factor does not weigh against

12    amendment.

13         **E.**       **Prejudice to the opposing party**

14         The most critical factor in determining whether to grant leave to amend is prejudice to the

15    opposing party. *Eminence Capital*, 316 F.3d at 1052 ("Prejudice is the touchstone of the inquiry

16    under rule 15(a)") (internal quotes omitted).  The burden of showing prejudice is on the party

17    opposing an amendment. *DCD Programs*, 833 F.2d at 187; *Beeck v. Aquaslide 'N' Dive Corp.*, 562

18    F.2d 537, 540 (9th Cir. 1977).  Prejudice must be substantial to justify denial of leave to amend.

19    *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  There is a

20    presumption under Rule 15(a) in favor of granting leave to amend where prejudice is not shown.

21    *Eminence Capital*, 316 F.3d at 1052.

22         Ballantine argues prejudice would result if the motions to amend are granted.  (Doc. 274 at

23    4; Doc. 276 at 4-5).  According to Ballantine,

24         In the present case it is anticipated if the amendment is allowed, Bank will proceed to
25         file a Motion for Summary Judgment/Summary Adjudication of the new added
          affirmative defense that the Settlement Agreement in the State Action included the
          claims remaining in this Federal case even though there is no reference to any of the
26         remaining Federal claims in the Settlement Agreement.  This will require Ballantine to
          have the opportunity to perform discovery on this new affirmative defense.

27

28    (Doc. 274 at 4; Doc. 276 at 4).  At the hearing, Ballantine clarified that discovery would be needed to

1  determine the intentions of the parties upon the making of the settlement agreement.

2      Notably, just before the instant motion was filed, the Court held a status conference on another

3  issue. (Doc. 263) At that time, the Court learned that the Bank and Pelton intended to file the current

4  motions and the Court and counsel discussed how the case should proceed.  Though not inviting

5  motions for summary judgment or conceding that one should be filed, counsel for Ballantine agreed that

6  the pretrial and trial dates should be vacated to allow the filing of dispositive motions.  (Doc. 268) As

7  a result, the Court vacated all pending dates including the pretrial conference and the trial. *Id*.  Thus,

8  there is no pressure of impending dates that would prevent the discovery that Ballantine seeks.

9      On the other hand, herewith, the Court issues an order granting the motion to remand the matter

10  to arbitration to determine whether this federal court action was encompassed in the settlement of a

11  related state court action.  The Court anticipates that in that process, the rules of the arbitration may

12  permit discovery into the very issues that Ballantine believes would be necessary to address the newly

13  added defenses.[3]  Therefore, because Ballantine has not met its burden to demonstrate prejudice if leave

14  to amend the answers is granted, this factor does not weigh against amendment.

15  **IV.   CONCLUSION AND ORDER**

16      Based upon the foregoing, the factors set forth by the Ninth Circuit weigh in favor of

17  allowing Pelton and the Bank to amend their answers and assert additional affirmative defenses.

18  *See Madeja*, 310 F.3d at 636.  Notably, Ballantine failed to demonstrate the amendment would

19  cause undue prejudice.  Therefore, the Court is acting within its discretion in granting the motions

20  to amend. *See Swanson*, 87 F.3d at 343.

21      Accordingly, **IT IS HEREBY ORDERED**:

22  1.   Pelton's motion to file an amended answer (Doc. 265) is **GRANTED**; and

23  2.   Bank of the West's motion to file an amended answer (Doc. 269) is **GRANTED**.

24  IT IS SO ORDERED.

25  Dated:   **March 5, 2012**                    **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE

26

27

28      [3]If the rules of the arbitration do not allow it and if this action is not resolved in arbitration, the Court will permit limited discovery on the newly added defenses.