**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KINGSBURG APPLE PACKERS, INC. dba KINGSBURG ORCHARDS, et al.,<br><br>           Plaintiffs,<br><br>     v.<br><br>BALLANTINE PRODUCE CO., INC., a California corporation, et al.,<br><br>           Defendants.<br>_____<br>SOFRUCO ALIMENTOS LTDA.,<br><br>           Intervenor Plaintiff,<br><br>     v.<br><br>BALLANTINE PRODUCE CO., INC., a California corporation, et al.,<br><br>           Defendants.<br>_____ | Case No.: 1:09-cv-00901 - AWI - JLT<br><br>ORDER TO INTERVENOR PLAINTIFF SOFRUCO ALIMENTOS LTDA. TO SHOW CAUSE WHY THE INTERVENOR COMPLAINT SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE |

On July 29, 2009, Sogruco Alimentos Ltda. ("Intervening Plaintiff") filed an intervenor complaint against Ballantine Produce Co., Inc.; Vergil E. Rasmussen; David S. Albertson; Eric Albertson; Jerry DiBuduo; and Babijuice Corporation of California, Inc. (Doc. 62). The defendants filed an answer to the intervenor complaint on August 12, 2009. (Doc. 91).

1

On September 20, 2010, Intervening Plaintiff filed a stipulated motion to dismiss the claims against Defendants Ballantine Produce Co., Inc.; Virgil E. Rasmussen; David S. Albertson; Eric Albertson; and Jerry DiBudio.  (Doc. 223).  Intervening Plaintiffs sought voluntary dismissal of the claims pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).  *Id.*  Accordingly, the Court dismissed the claims against the above defendants on September 21, 2010.  (Doc. 224).  Defendant Babijuice Corporation of California ("Babijuice Corporation") remained in the action.

Notably, Intervening Plaintiff has not taken any action against Babijuice Corporation since dismissing the other defendants more than two years ago.  "District courts have inherent power to control their dockets," and in exercising that power, a court may dismiss an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  Consequently, a court may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g., Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal, in part, for failure to prosecute).

Accordingly, Intervening Plaintiff is **ORDERED** to show cause **within five court days** of the date of service of this Order why the intervening action should not be dismissed for failure prosecute its complaint against Babijuice Corporation or file a request for dismissal within this same time period.

IT IS SO ORDERED.

Dated:   **September 28, 2012**            **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE