UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINGSBURG APPLE PACKERS, INC. dba KINGSBURG ORCHARDS, et al., <br><br>  Plaintiffs, <br><br>  v. <br><br> BALLANTINE PRODUCE CO., INC., a California corporation, et al., <br><br>  Defendants. <br><br> LOBUE BROS., INC., <br><br>  Intervenor Plaintiff, <br><br>  v. <br><br> BALLANTINE PRODUCE CO., INC., a California corporation, et al., <br><br>  Defendants. | Case No.: 1:09-cv-00901 - AWI - JLT <br><br> FINDINGS AND RECOMMENDATIONS DISMISSING THE INTERVENOR COMPLAINT FILED BY LOBUE BROS., INC., FOR FAILURE TO PROSECUTE AND OBEY THE COURT'S ORDER |

On July 1, 2009, LoBue Bros., Inc., ("LoBue Bros.") filed an intervenor complaint against Ballantine Produce Co., Inc.; Vergil E. Rasmussen; David S. Albertson; Eric Albertson; Jerry DiBuduo; and Babijuice Corporation of California, Inc. (Docs. 36-37). For the following reasons, the Court recommends the intervenor complaint filed by LoBue Bros. be **DISMISSED WITHOUT PREJUDICE.**

1

## I. Procedural History

The defendants filed an answer to the intervenor complaint on August 12, 2009. (Doc. 92). On June 28, 2010, the Court issued an order authorizing the distribution of funds with respect to PACA claims filed by Plaintiff Kingsburg Apple Packers and intervening plaintiffs, including LoBue Bros. (Doc. 200). Since that time, it appears LoBue Bros. has not taken any action in the case.

On September 28, 2012, the Court issued an order to show cause directing LoBue Bros. to either show cause why the intervenor complaint should not be dismissed for failure to prosecute, or in the alternative, to file a request for dismissal. (Doc. 298). However, LoBue Bros. failed to respond to the Court's order.

## II. Failure to prosecute and obey the Court's orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## III. Discussion and Analysis

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Finally, the Court's warning to LoBue Bros. that failure to prosecute or obey the Court's order may result in dismissal satisfies the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. In addition, in the Order to Show Cause, the Court warned that it "may dismiss an action with prejudice, based upon a party's failure to prosecute an action or failure to obey a court order . . ." (Doc. 298 at 2). Thus, LoBue Bros. had adequate warning that dismissal would result from noncompliance with the Court's order, and its failure to prosecute the action. Given these facts, the Court finds the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

### IV.    Findings and Recommendations

Since that the Court ordered distribution of the PAGA funds on June 28, 2010, LoBue Bros. has not taken any action in the case. The intervening plaintiff and appears to have abandoned its claims against the intervening defendants. Further, LoBue Bros. failed to comply with the Court's Order to show cause why its intervenor complaint should not be dismissed.

Accordingly, **IT IS HEREBY RECOMMENDED**: The intervenor complaint filed by LoBue Bros., Inc., be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to obey the Court's order dated September 28, 2012.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within FOURTEEN (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **October 10, 2012**                       **/s/ Jennifer L. Thurston**
                                                                            UNITED STATES MAGISTRATE JUDGE