IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINGSBURG APPLE PACKERS, INC. dba KINGSBURG ORCHARDS, et al., <br><br>   Plaintiff, <br><br>   v. <br><br> BALLANTINE PRODUCE CO., Inc. et al., <br><br>   Defendants. <br><br> DiDUDUO LAND MANAGEMENT, a California Corporation, et al. <br><br>   Intervenor, <br><br>   v. <br><br> BALLANTINE PRODUCE CO., Inc. <br><br>   Defendants. | 1:09-cv-0901 AWI JLT <br><br> **MEMORANDUM OPINION AND ORDER ON DEFENDANT BALLANTINE PRODUCE CO., INC.'S MOTION FOR RELIEF FROM JUDGMENT** <br><br> Doc. # 315 |

On August 8, 2012, intervenor Dibuduo Land Management ("DLMCO") filed a notice of voluntary dismissal without prejudice of its action in intervention against Ballantine Produce Co., Inc. ("Ballantine") pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. The court filed an order closing the intervenor action two days later, on August 10, 2012. Currently before the court is a motion by Ballantine for relief from judgment pursuant to Rule 60(b) on the ground the court erred by allowing voluntary dismissal under Rule 41(a)(1)(A)(i) where

Balantine had filed an answer to DLMCO's complaint prior to the filing of the notice of voluntary dismissal. Ballantine moves that the court's error be corrected by entering dismissal of DLMCO's action with prejudice. For the reasons that follow, the court will correct the apparent error by reversing DLMCO's voluntary dismissal and allowing DLMCO to move for voluntary dismissal without prejudice pursuant to Rule 41(a)(2).

## PROCEDURAL HISTORY

The original complaint in this action was filed on May 21, 2009, and alleged five claims against Ballantine under the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. § 499e(c)(5) ("PACA"), in addition to four claims under California contract and tort law. A number of intervenor claims were subsequently filed against Ballantine, among them DLMCO filed a claim on July 29, 2009, alleging one PACA claim two state law claims. Doc. # 71. On August 12, 2009, filed an answer to DLMCO's intervenor complaint. Doc. # 89. On February 18, 2010, the court determined that DLMCO did not have a valid PACA claim because it failed to timely file a notice of intent to preserve PACA trust benefits. Doc. # 150. DLMCO alleges that as a result of the court's decision:

> [DLMCO] chose to litigate its [remaining] state law claims in state court, in the case of *DiBuduo, et al. v. Bank of the West, et al.,* Fresno County Superior Court Case No. 10CECG01055 (the "State Court Case"). [¶] In the State Court Case, the state court raised the issue, *sua sponte*, that [DLMCO] may be collaterally estopped from its state law claims because the Federal Court Case had not been dismissed, and [DLMCO] could not prosecute two actions at the same time. As a result, [DLMCO] did so, by order of the court on August 10, 2012, without objection from Ballantine.

Doc. # 318 at 2:3-10 (footnote omitted).

Ballantine filed the instant motion for relief from judgment on December 10, 2012. DLMCO filed its opposition on December 28, 2012 and Ballantine filed its reply on January 7, 2013.

## DISCUSSION

Rule 60(b) permits a district court to relieve a party from a final order or judgment. The court's first task, therefore, is to briefly consider whether the court's order of closure of the

2

intervenor action in response to DMLCO's notice of dismissal was a final order for purposes of Ballantine's motion for relief. The matter is a little less clear that one might hope. Some courts have held that a voluntary dismissal of an action results in a final order from which relief can be requested pursuant to Rule 60(b). See In re Hunter, 66 F.3d 1002, 1004-1005 (9th cir. 1995) (collecting cases so holding). On the other hand, where an action is dismissed without prejudice, which is the usual mode of dismissal under rule 41(a), the dismissal is not considered final because it contemplates the possibility of successful amendment. See, Bruns v. Nat'lCredit Union Admin., 122 F.3d 1251, 1258 (9 Cir. 1997) (dismissal without prejudice is not considered final judgment on the merits and so may not be challenged under Rule 60(b).

      The court is not going to labor long on this issue because the error or inadvertence at issue here belongs to the court, not to either of the parties. While it is true that DMLCO's notice of voluntary dismissal was improper because an answer had been filed to the intervenor action prior to the filing of the notice of dismissal, it is the court's order closing the intervenor action in *recognition* of the dismissal that is erroneous. DMLCO did not make any representations in its notice concerning whether or not an answer had been filed and the court simply missed the docket entry when it issued the notice of closure of the intervenor action. Had the court noticed the answer in the docket report, the court would simply have notified DMLCO that a motion or stipulation for dismissal was required and disregarded the notice as improperly filed.

      What is actually at issue in Balantine's motion is the attempt to have the motion dismissed with prejudice thereby affording Ballantine the opportunity to move for some form of foreclosure of DMLCO's claims in the State Case. Ballantine contends that dismissal with prejudice is warranted because DMLCO committed fraud on the court by inappropriately filing the notice of dismissal. Ballantine cites Hearns v. San Bernardino Police Dept. 530 F.3d 1124 (9 Cir. 2008) to support the proposition that failure to obey the Federal Rules of Civil Procedure warrants dismissal of an action on the merits. Hearns counsels that, "[b]ecause dismissal with prejudice is a harsh remedy, our precedent is clear that the district court 'should first consider

less drastic alternatives.' [Citation.]" Id. at 1332 (quoting McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996)).  Here, the court has identified a less drastic alternative; it will fix its oversight.

Although it makes little difference whether the court corrects its error pursuant to Rule 60(a) or 60(b), since both allow the court to correct its errors, the court finds that relief pursuant to Rule 60(a) is appropriate because the error is more one of clerical oversight than of legal or factual error.  Rule 60(a) allows the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. Id.  With that in mind, the court finds that it erroneously and inadvertently overlooked the docket entry indicating that DMLCO's complaint in intervention had been answered and the court therefore granted effect to DMLCO's notice of dismissal.  The court hereby corrects its mistake as follows:

IT is hereby ORDERED that the court's order of August 10, 2012, ordering closure of the intervenor action as to DiBuduo Land Management is hereby VOID.  DLMCO is hereby notified that its Dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure is improperly filed and is therefore DISREGARDED.  DLMCO may file and serve a motion for voluntary dismissal pursuant to Rule 41(a)(2) if desired.

IT IS SO ORDERED.

Dated:   March 15, 2013

_____
SENIOR DISTRICT JUDGE