UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINGSBURG APPLE PACKERS, INC. dba KINGSBURG ORCHARDS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BALLANTINE PRODUCE CO., INC., a California corporation, et al., <br><br> Defendants. <br><br> DIBUDUO LAND MANAGEMENT, <br><br> Intervenor Plaintiff, <br><br> v. <br><br> BALLANTINE PRODUCE CO., INC., et al., <br><br> Defendants. | Case No.: 1:09-cv-00901 - AWI - JLT <br><br> FINDINGS AND RECOMMENDATIONS DISMISSING THE INTERVENOR COMPLIANT OF DIBUDUO LAND MANAGEMENT FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER |

DiBuduo Land Management ("DLM") filed an intervenor complaint against Ballantine Produce on July 29, 2009. (Doc. 71). Because DLM has failed to prosecute this action and failed to comply with the Court's order to show cause, the Court recommends its intervenor complaint be **DISMISSED WITH PREJUDICE**.

///

1

## I.     Procedural History

This action was initiated by Kingsburg Apple Packers, Inc. against Ballantine Produce ("Ballantine") by filing a complaint for a violation of the Perishable Agricultural Commodities Act of 1930 ("PACA") on May 21, 2009.  Ballantine filed an answer to DLM's intervenor complaint on August 12, 2009.  (Doc. 89).

On February 18, 2010, the Court determined that DLM did not have a valid PACA claim because it failed to timely file a notice of intent to preserve PACA trust benefits.  (Doc. 150).  DLM reported that as a result of the Court's decision, the company "chose to litigate its [remaining] state law claims: in state court."  (Doc. 318 at 2).  DLM filed a Notice of Dismissal on August 8, 2012 (Doc. 291), after with the Court ordered the intervenor action be closed.  (Doc. 292).

On March 19, 2013, the Court determined the Notice of Dismissal filed by DLM was improper, and that the Court's prior order closing the action was void.  (Doc. 325).  The Court observed DLM "may file and serve a motion for voluntary dismissal pursuant to Rule 42(a)(2) if desired."  *Id.* at 4.  After that time, no action was taken by DLM on its claims against Ballantine.  Accordingly, the Court issued an order to show cause to DLM to show why the action should not be dismissed on August 29, 2013.  (Doc. 326).  In the alternative, the Court instructed that DLM may file and serve a motion for voluntary dismissal pursuant to Rule 41(a)(2).  However, DLM failed to respond to the Court's order.

## II.    Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based upon a party's failure to obey a court order, failure to prosecute an action, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order).

### III. Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Notably, DLM has chosen to prosecute its remaining state court claims in state court, and previously attempted to dismiss its claims without prejudice.

In the Order to Show Cause, the Court warned that it "may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order . . ." (Doc. 326 at 2). The warning to DLM that failure to comply with the order would result in dismissal satisfies the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Thus, DLM had adequate warning that dismissal would result from failure to prosecute the action and noncompliance with the Court's orders. Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

### IV. Findings and Recommendations

DLM has failed to prosecute this action, and failed to comply with the Court's order to show cause dated August 29, 2013.

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. DLM's Intervenor Complaint be **DISMISSED WITH PREJUDICE**; and
2. The Clerk of Court be DIRECTED to close this action, because this order would terminate the action in its entirety.

///

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these Findings and Recommendations, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 11, 2013**            **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE